UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA  CIV - HURLEY

CASE NO. 97 - 8225

PETER G. GARRUTO,

     Plaintiff,

vs.

JAMES F. CLEARY,

     Defendant.

_____/

MAGISTRATE JUDGE
LYNCH

**NIGHT BOX
FILED**

**MAR 3 1 1997**

CARLOS JUENKE
CLERK, USDC / SDFL / FTL'

## NOTICE OF REMOVAL

     Defendant, JAMES F. CLEARY ("Cleary"), by and through his undersigned counsel, presents this notice of removal of the above cause from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida where same is now pending under Case No. CL 97-001898 AE, to the United States District Court, Southern District of Florida, and respectfully represents and shows unto the Court the following:

     1.    An action was commenced against defendant, Cleary, in the 15th Judicial Circuit in and for Palm Beach County, Florida, styled <u>Peter G. Garruto v. James F. Cleary</u>. The summons, complaint and request for admissions constitute all of the process, pleadings and orders served to date. True and correct copies of the above documents are annexed as composite Exhibit "A".

     2.    Plaintiff Peter G. Garruto is *sui juris* and a citizen of Martin County, Florida.



3.      Defendant Cleary at the time this action was filed was *sui juris* and a citizen of the City of Boston, Commonwealth of Massachusetts.[1]

4.      Defendant Cleary at the time of filing this notice of removal is *sui juris* and a citizen of the City of Boston, Commonwealth of Massachusetts.

5.      Defendant Cleary has been put on notice in the Complaint that the amount in controversy in this action, exclusive of interest and costs, exceeds the jurisdictional limits of the Florida circuit courts. Plaintiff's counsel stated he is unable to determine the total amount of Plaintiff's damages, and would not preclude Plaintiff from potentially seeking an amount in excess of $75,000.00.[2]

6.      This court subscribes to the "liberal" view that the court may examine the record as a whole to determine the proprietary of removal and is not limited to the face of the complaint. Essenson v. Cole, 848 F. Supp. 987, 989 (M.D. Fla. 1994); Wright v. Continental Casualty Co., 456 F. Supp. 1075 (M.D. Fla. 1978); Victor v. Firestone Tire and Rubber Co., 537 F. Supp 244 (S.D. Fla. 1982). Plaintiff's complaint contains allegations seeking damages for alleged permanent injuries claimed to have been suffered while involved in a collision with a Greyhound bus. This is an effort to not plead the actual amount which is already known to plaintiff and hide behind vague jurisdictional allegations. Plaintiff attempts to escape federal jurisdiction by the wording of his complaint and without acknowledging the true amount in dispute. A true reading of the complaint evidences the actual damages sought are potentially in excess of $75,000.

---

[1]  The Complaint incorrectly describes Cleary as a resident of Palm Beach County, Florida.

[2]  Telephone conversation between Michael Knecht, Esq., and Ronald Gunzburger, Esq., March 26, 1997.

Allegations indicate damages more than those actually stated and are sufficient to establish the jurisdictional amount for purposes of a removal petition. Estevez-Gonzalez v. Kraft, 606 F. Supp. 127. (S.D. Fla. 1985) ("Where the complaint contains no specification of damages, as does the plaintiff's complaint in this action, the court will consider the allegations in the petition for removal.")

      7.    This court previously held that "the mere fact that the plaintiff's complaint is silent and unclear as to some fact necessary to establish federal jurisdiction, such as amount in controversy, does not preclude removal of the case by the defendant." Woolard v. Heyer-Schulte, 791 F. Supp. 294 (S.D. Fla. 1992) quoting Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1078 (M.D. Fla. 1978). Plaintiff alleges to have suffered severe unspecified bodily injuries. The complaint never states the specific damages sought -- only that Plaintiff alleges "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish...expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money ...." These allegations in Plaintiff's complaint sufficiently establish the jurisdictional amount for purposes of removal. Kelderman v. Remington Arms Co., 734 F. Supp. 1527 (S.D. Io. 1990); Baker v. Firestone Tire and Rubber Co., Inc., 537 F. Supp. 244 (S.D. Fla. 1982). Richman v. Zimmer, 644 F. Supp. 540 (S.D. Fla. 1986). (Plaintiff's failure to allege actual amount in controversy and instead only alleging state jurisdictional amount and type of damages sought, did not deprive defendant of notice that amount of damages claimed exceeded federal removal requirements, particularly given the defendant law firm's knowledge of settlements in prior cases involving similar cases and plaintiff's previous representations regarding damages, costs and attorney's fees.) In determining the amount in controversy for purposes of establishing

removal jurisdiction in a case where plaintiffs do not pray for a specific amount, the court may look to the petition for removal or make an independent evaluation of the monetary value of the claim. Smith v. Executive Fund Life Ins. Co., 651 F. Supp. 269 (M.D. La. 1986); Craig v. Congress Sportswear, Inc., 645 F. Supp. 162 (D. Me. 1986); Baker, 537 F. Supp. at 246.

8. The court, after having reviewed the complaint and this notice, should exercise removal jurisdiction over this action. Essenson v. Cole, 848 F. Supp. 987, 989 (M.D. Fla. 1994) ("Courts should not encourage plaintiffs to hold back their federal cards"); O'Connor v. Kawasaki Motors Corp, 699 F. Supp. 1538 (S.D. Fla. 1988); 14 A. Wright and A. Miller, Greyhound Practice and Procedure §373 (1986) (Should a court allow a strict interpretation of the rule concerning the amount stated in the complaint, the defendant's statutory right to removal would be wholly contingent upon the plaintiff's choice of words and such a rule would be an undesirable one.)

9. This court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(c) and is one which may be removed to this court by Cleary pursuant to 28 U.S.C. § 1441 in that there is complete diversity among the parties and the amount in controversy presumptively exceeds $75,000.00.

**WHEREFORE**, defendant, JAMES F. CLEARY, respectfully requests that this action pending in the Circuit Court of the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida be removed to the United States District Court for the Southern District of Florida.

**WE HEREBY CERTIFY** that we served a true and correct copy of the foregoing via U.S. Mail this _31st_ day of March, 1997 to: Michael C. Knecht, Esq., Attorney for Plaintiff, 4440 PGA Boulevard, Suite 307, Palm Beach Gardens, FL 33410.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT
Attorneys for Defendant, Greyhound
     Lines, Inc.
Las Olas Centre, Suite 800
450 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 523-0400

By:

     Henry Latimer, Esq.
     Florida Bar No. 163217
     Ronald M. Gunzburger, Esq.
     Florida Bar No. 745250

39279.1

# ARBELLA MUTUAL INSURANCE COMPANY

### PETER G. GARRUTO
### v.
### JAMES F. CLEARY

## CASE NO. 97-001898 AE
## PALM BEACH COUNTY CIRCUIT COURT

| NUMBER | DATE | PARTY | PLEADING |
|--------|------|-------|----------|
| 1. | 3/3/97 | PL | Complaint, Summons **ANSWER DUE 3/24/97** |
| 2. | 3/3/97 | PL | Notice of Service of Interrogatories **due 4/17/97** |
| 3. | 3/3/97 | PL | Notice of Service of Request For Production **due 4/17/97** |
| 4. | 3/3/97 | PL | Notice of Service of Requests For Admissions **due 4/2/97** |

39830.1

Exhibt "A"

CIRCUIT COURT - 15TH JUDICIAL CIRCUIT - PALM BEACH COUNTY, FLORIDA

CASE NO.

PETER G. GARRUTO

   Plaintiff,

**CL 97 001898**

vs.

JAMES F. CLEARY

   Defendant.

_____/

<u>**SUMMONS**</u>
<u>**PERSONAL SERVICE ON A NATURAL PERSON**</u>

TO DEFENDANT:

   **JAMES F. CLEARY**
   **369 South Lake Drive**
   **Apt. #6-A**
   **Palm Beach, Florida 33480**

<u>IMPORTANT</u>

     A lawsuit has been filed against you. You have 20 calendar
days after this summons is served on you to file a written response
to the attached complaint/petition with the Clerk of this Court.
A phone call will not protect you. Your written response,
including the case number given above and the names of the parties,
must be filed if you want the Court to hear your side of the case.
If you do not file your response on time, you may lose the case,
and your wages, money, and property may thereafter be taken without
further warning from the Court. There are other legal
requirements. You may want to call an attorney right away. If you
do not know an attorney, you may call an attorney referral service
or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same
time you file your written response to the Court, you must also

mail or take a copy of your written response to the "Plaintiffs'
Attorney" named below.

>           Michael C. Knecht, Esquire
>           Michael Knecht & Associates, P.A.
>           4440 PGA Boulevard
>           Suite 307
>           Palm Beach Gardens, FL 33410
>           (561) 625-4110

In accordance with the Americans with Disabilities Act, persons in
need of a special accommodation to participate in this proceeding
shall, within a reasonable time prior to any proceeding, contact
the Administrative Office of the Court, 300 North Dixie Highway,
Room 300, West Palm Beach, FL 33401, telephone (407)355-2431,
1(800)955-8771 (TDD), or 1(800)955-8770 (V), via Florida Relay
System.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:   You are commanded to serve this
Summons and a copy of the complaint/petition, Notice of Service of
Interrogatories; Notice of Service of Request for Production and
Notice of Service of Request for Admissions in this lawsuit on the
above-named Defendant.

DATED ON _____ **FEB 28 1997** , 1997.

>           DOROTHY H. WILKEN
>           CLERK OF THE CIRCUIT COURT


>           BY:____**DAVID C. CRAIG**_____

SEAL                        Deputy Clerk

(See page two)
(Vea la pagina dos)
(Voir page deux)

## I M P O R T A N T E

Usted ha sido demandado legalmente.  Tien viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una liamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta per escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.   Existen otros requisitos legales.   Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparence en la quia telefonica.

Si desea responder a demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney".  (Demandate O Abogado del Demanadante)

## I M P O R T A N T

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.   Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.   Il y a d' autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pans d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

1343\SUMMONS.001

CIRCUIT COURT - 15TH JUDICIAL CIRCUIT - PALM BEACH COUNTY, FLORIDA

CASE NO.

## CL 97 001898 *At*

PETER G. GARRUTO

     Plaintiff,

vs.

JAMES F. CLEARY

     Defendant.

_____/

**COMPLAINT**

    Plaintiff, Peter G. Garruto ("plaintiff") sues Defendant
James F. Cleary ("defendant") individually, and alleges:

**GENERAL ALLEGATIONS**

1.   This is an action for damages in excess of the jurisdictional
limits of this court.

2.   At all times material hereto:

    A.   The accident occurred in Palm Beach County, Florida.
    B.   The Plaintiff resided in Martin County, Florida.
    C.   Defendant, resided in Palm Beach County, Florida.
    D.   The parties were and are otherwise sui juris.

3.   At all times material hereto, Defendant, James F. Cleary was
in a motor vehicle ("vehicle") on or about 12/29/96 ("that time")
and he:

    A.   Owned said vehicle.
    B.   Had the owner's expressed or implied permission to
       operate said vehicle.
    C.   Was responsible for maintaining said vehicle.
    D.   Was operating said vehicle in Palm Beach County, Florida
       ("place").

ORIGINAL COPY RECEIVED FOR FILING

FEB 28 1997

DOROTHY H. WILKEN
CLERK OF THE CIRCUIT COURT
CIRCUIT CIVIL DIVISION

4.   At that time and place, Defendant, James F. Cleary:

    A.   Had a duty to safely maintain and operate his vehicle.
    B.   Struck the plaintiff's bicycle
    C.   Negligently operated or maintained the vehicle so that it
        collided with plaintiff's bicycle.

5.   At that time and place, the Plaintiff:

    A.   Did not cause or contribute to the accident.
    B.   Could not have avoided the accident.

6.   As a result of this accident, Defendant, James F. Cleary was
issued a citation for leaving the scene of an accident involving
personal injury.

7.   As a result of Defendant's negligence, the Plaintiff has
suffered bodily injury and resulting pain and suffering,
disability, disfigurement, mental anguish, loss of capacity for the
enjoyment of life; expense of hospitalization, medical and nursing
care and treatment, loss of earnings, loss of ability to earn money
and aggravation of a previously existing condition.  These losses
are either permanent or continuing and Plaintiff will suffer these
losses in the future.  Plaintiff also sustained property damage to
his bicycle.

8.   At all times material hereto, the resulting medical bills
incurred by the Plaintiff were:

    A.   Reasonable.
    B.   Necessary.
    C.   A result of this accident.

    WHEREFORE, Plaintiff, Peter G. Garruto demands judgment for
all damages, costs and prejudgment interest on all economic damages
against the Defendant, James F. Cleary and further demands trial by
jury.



    Michael C. Knecht, Esquire
    MICHAEL C. KNECHT & ASSOC., P.A.
    4440 PGA Boulevard, Suite 307
    Palm Beach Gardens, FL  33410
    561-625-4110-Phone/561-625-4115-Fax
    Florida Bar No. 475815
    Attorney For:  Plaintiff

1343\PC.001

MAR. -20' 97(THU) 09:54    INTL. INS GROUP              TEL:6175471449              P. 030

CIRCUIT COURT - 15TH JUDICIAL CIRCUIT - PALM BEACH COUNTY, FLORIDA

PETER G. GARRUTO

    Plaintiff,

vs.

JAMES F. CLEARY

    Defendant.



CASE NO. CL 97 001898

CIVIL COVER SHEET

ORIGINAL RECEIVED FOR FILING

FEB 2 8 1997

DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION

**TYPE OF CASE:** (Place an X in one box only. If the case has more than on type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| { } Simplified dissolution | { } Professional Malpractice | { } Contracts |
| | | { } Condominium |
| { } Dissolution | { } Products Liability | { } Real Property/ Mortgage Foreclosure |
| { } Support-IV-D | | |
| { } Support-Non IV-D | | |
| { } Support-Non IV-D | {XX} Auto Negligence | |
| { } URESA-IV-D | { } Other Negligence | |
| { } URESA-NON IV-D | | { } Eminent Domain |
| { } Domestic Violence | | |
| { } Other domestic relations | | |
| | | { } Other |

Is Jury Trial Demanded in Complaint?
    {XX} Yes
    { } No

MAR. -20' 97(THU) 09:54   INTL. INS GROUP                    TEL:6175421449                    P. 031

DATE   2-28-97



Michael C. Knecht, Esquire
MICHAEL C. KNECHT & ASSOC., P.A.
4440 PGA Boulevard, Suite 307
Palm Beach Gardens, FL   33410
561-625-4110-Phone/561-625-4115-Fax
Florida Bar No. 475815
Attorney For:  Plaintiff

1343\COVER.SHT

MAR -20 97(THU) 09:49    INTL. INV GROUP                    TEL:61754 449                    P. 008

CIRCUIT COURT - 15TH JUDICIAL CIRCUIT - PALM BEACH COUNTY, FLORIDA

PETER G. GARRUTO

    Plaintiff,

vs.

JAMES F. CLEARY

    Defendant.
_____/

CASE NO.

**CL 97 001898**

COPY
ORIGINAL RECEIVED FOR FILING

FEB 2 8 1997

DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION

**NOTICE OF SERVICE OF INTERROGATORIES**

PROPOUNDED TO:  Defendant
PROPOUNDED BY:  Plaintiff
NUMBER PROPOUNDED:  23
PURSUANT TO:  Rule 1.340, Fla.R.Civ.P.

CERTIFICATE OF SERVICE:  I certify that the Interrogatories have
been served with the complaint.

**COPY**

Michael C. Knecht, Esquire
MICHAEL C. KNECHT & ASSOC., P.A.
4440 PGA Boulevard, Suite 307
Palm Beach Gardens, FL  33410
561-625-4110-Phone/561-625-4115-Fax
Florida Bar No. 475815
Attorney For:  Plaintiff

1343\D-340.001

---

¹Including general instructions.  Please provide us with your
response to said discovery within the time prescribed by said rule.

DATE __2|28|97__



Michael C. Knecht, Esquire
MICHAEL C. KNECHT & ASSOC., P.A.
4440 PGA Boulevard, Suite 307
Palm Beach Gardens, FL   33410
561-625-4110-Phone/561-625-4115-Fax
Florida Bar No. 475815
Attorney For:   Plaintiff

1343\COVER.SHT

| GENERAL INSTRUCTIONS |
| --- |
| Re:   Rule 1.340 Interrogatories |

1. **PURPOSE BEHIND DISCOVERY:**

   A.   Avoid unnecessary discovery and litigation.
   B.   Evaluating your position on an informed basis.
   C.   Determine what, if any, additional discovery is necessary
        following receipt of your answers.

2. **INFORMED ANSWERS:**   Before answering this discovery, please
   review all documentation or information under your **ACTUAL OR
   CONSTRUCTIVE** possession, custody or control so that your
   answers are:

   A.   Accurate.
   B.   Complete.
   C.   Truthful.

3. **DOCUMENT:**  Document means any document defined by Rule 1.350,
   Fla.R.Civ.P. under your actual or constructive possession,
   custody, or control which includes without limitation all
   "writings, [records], drawings, graphs, charts, photographs,
   [video tapes], phono-records and [all] other data compilations
   from which information can be obtained."

4. **OUR ACCIDENT OR INCIDENT:**   Our accident or incident means the
   accident(s) plead by plaintiff(s) under the complaint unless
   otherwise stated.

MAR. -20' 97(THU) 09:50    INTL. INF GROUP                    TEL:617542 449                    P. 011

## <u>INTERROGATORIES</u>[2]

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.    What is the name and address of the person answering these
      interrogatories and, if applicable, the person's official
      position or relationship with the party to whom the
      interrogatories are directed?

2.    **BACKGROUND:** List all former names and when you were known by
      those names. State all addresses where you have lived for the
      past 10 years, the dates you lived at each address, your
      social security number, and your date of birth.

3.    **CONVICTIONS:** Have you ever been convicted of a crime, other
      than any juvenile adjudication, which under the law under
      which you were convicted was punishable by death or
      imprisonment in excess of one year, or that involved
      dishonesty or a false statement regardless of the punishment?
      If so, state as to each conviction the specific crime and the
      date and place of conviction.

              YES ____        NO ____

_____

        [2]These interrogatories have been approved by the Florida
Supreme Court. All bracketed information, footnotes or headings,
if any, are additions to the referenced form interrogatories
pursuant to Rule 1.900, Fla.R.Civ.P.

4.    **LIABILITY COVERAGE:**    Describe any and all policies of
      insurance which you contend cover or may cover you for the
      allegations set forth in plaintiffs' complaint, detailing as
      to such policies the name of the insurer, the number of the
      policy, the effective dates of the policy, the available
      limits of liability, and the name and address of the custodian
      of the policy.

5.    **INSURANCE DENIED/RESERVED:**  [Has any insurance company which
      insures you for this claim told you that there is no coverage
      under the terms of the policy or that they are defending you
      under a reservation of rights?  If so, please state in detail
      the reasons given for its no coverage position and/or
      reservation of rights position?]

              YES _____        NO _____

6.    **THE ACCIDENT:**  Describe in detail how the incident described
      in the complaint happened, including all actions taken by you
      to prevent the incident.

7.   **NEGLIGENCE:**  Describe in detail each act or omission on the part of any party to this lawsuit [or anyone else (nonparty) not a party to this lawsuit] that you contend constituted negligence that was a contributing legal cause of the incident in question.

8.   **YOUR AFFIRMATIVE DEFENSES:**  State the facts upon which you rely for each affirmative defense in your answer.

9.   **CITATIONS:**  Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint?  If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge [and what was the court's ruling]; was any written report prepared by anyone regarding the charge and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner, and if so, what is the name and address of the person who recorded the testimony?

YES _____          NO _____

MAR. -20' 97(THU) 09:50    INTL. IN° GROUP                TEL:6175421449                 P. 014

10. **PERSONS W/ KNOWLEDGE:** List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11. **STATEMENTS:** Have you heard or do you know about any statement[3] or remark [whether written or verbal] made by or on behalf of any **[EYEWITNESS, NONPARTY]** or party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement[4] or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

                    YES _____        NO _____

---

[3]   Statement is defined as "a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded", Rule 1.280(b)(3), Fla.R.Civ.P., and/or as "an oral or written assertion if it is intended by him [or her] as an assertion." Black's Law Dictionary

[4]   A party must provide the names and addresses of individuals who have furnished statements, as well as to indicate generally the type of information held by the person. Dade County School Board v. Soler, 534 So.2d 884 (Fla. 3DCA 1988); Florida Power & Light Company v. Limeburner, 390 So.2d 133 (Fla. 4DCA 1980).

12. **LIABILITY AGREEMENT:** Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

           YES _____          NO _____


13. **GLASSES/CONTACTS/HEARING AIDS:** Do you where glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

           YES _____          NO _____


14. **INFIRMITY/DISABILITY/SICKNESS:** Were you suffering from [any] physical infirmity, disability or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability or sickness?

           YES _____          NO _____


15. **ALCOHOL\DRUGS\MEDICATION:** Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint? If so, state the type and amount of alcoholic beverages, drugs, or medications which were consumed, and when and where you consumed them.

           YES _____          NO _____

16. **MECHANICAL DEFECT:**  Did any mechanical defect in the motor vehicle in which you were riding at the time of the incident described in the complaint contribute to the incident?  If so, describe the nature of the defect and how it contributed to the incident.

     YES _____    NO _____

17. **OWNERSHIP/RIGHT TO CONTROL VEHICLE:**  List the names and address of all persons, corporations or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant/driver was driving at the time of the incident described in the complaint; and describe both the nature  of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year and vehicle identification number.

18. **PERMISSION:**  At the time of the incident described in the complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle?  If so, state the names and addresses of all persons who have such permission.

     YES _____    NO _____

19. **MISSION/ACTIVITY:**  At the time of the incident described in the complaint, was the defendant driver engaged in any mission or activity for any other person or entity, including any employer?  If so, state the name and address of that person or entity and the nature of the mission or activity.

                    YES _____          NO _____

20. **PROPERTY DAMAGE:**  Was the motor vehicle that [you were in] at the time of the incident described in the complaint damaged in the incident, and, if so, [please state name and address of the person/entity that repaired it and] the cost to repair the damage?

                    YES _____          NO _____

MAR. -20' 97(THU) 09:51    INTL. INS GROUP                    TEL:6175421449                    P. 018

21. **HEALTH CARE PROVIDERS:**   [Over the 3 year period before the
    accident up until today, have you received any treatment, or
    consulted with any health care provider, regarding your eyes,
    vision, hearing or any type of physical infirmity or
    disability?   If so, please describe the nature of the
    treatment or consultation, approximate time period for each
    and the name and address of each doctor or health care
    provider.]

                    YES _____        NO _____

22. **VEHICLE SERVICE/REPAIR/MAINTENANCE:**   [As for the vehicle being
    operated by you or with your permission, did anyone ever
    service, repair or maintain the vehicle, its brake or tires
    during the 3 year period before our accident?  If so, please
    provide the name, address and telephone number of each person
    and company that did any of said service, repair or
    maintenance.]

                    YES _____        NO _____

23. **YOUR LEGAL NAME:**   [Is your legal name correctly stated in the
    style of plaintiff's complaint against you? Yes _____  No __
    If not, please state your correct legal name at the time of
    our accident and, if different, today.]

**X JAMES F. CLEARY**

SWORN TO AND SUBSCRIBED before
me this ____ day of _____,
199___.

Notary Public

My commission expires:

typed or printed name

____ Personally known

____ Provided I.D.
Type of I.D. Provided:

1343\D340.001

MAR. -2?.97(THU) 09:51   INTL. INS GROUP          TEL:6175421449              P. 020

CIRCUIT COURT - 15TH JUDICIAL CIRCUIT - PALM BEACH COUNTY, FLORIDA

PETER G. GARRUTO

    Plaintiff,

vs.

JAMES F. CLEARY

    Defendant.

_____/



CASE NO. CL 97 001898 AI

COPY
ORIGINAL RECEIVED FOR FILING

FEB 2 8 1997

H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION

## NOTICE OF SERVICE OF REQUEST FOR PRODUCTION

PROPOUNDED TO:   Defendant
PROPOUNDED BY:   Plaintiff
NUMBER PROPOUNDED:   17
PURSUANT TO:   Rule 1.350, Fla.R.Civ.P.

CERTIFICATE OF SERVICE:   I certify that the Request for Production
has been served with the complaint.

COPY

    Michael C. Knecht, Esquire
    MICHAEL C. KNECHT & ASSOC., P.A.
    4440 PGA Boulevard, Suite 307
    Palm Beach Gardens, FL  33410
    561-625-4110-Phone/561-625-4115-Fax
    Florida Bar No. 475815
    Attorney For:  Plaintiff

1343\D-350.001

---

    [1]Including general instructions.   Please produce for
inspection and copying at the law offices of Michael C. Knecht and
Associates, P.A., said discovery within the time prescribed by said
Rule.

| |
|---|
| **GENERAL INSTRUCTIONS** |
| **Re:   Rule 1.350 Request for Production** |

1.   <u>Purpose Behind Discovery</u>:

   A.   To avoid unnecessary discovery and litigation for all parties;

   B.   To assist us in evaluating your position on an informed basis;

   C.   To determine what, if any, additional discovery is necessary following receipt of your answers to the enclosed discovery.

2.   <u>Informed Answers</u>:   Before answering this discovery, please review all documentation or information under your actual or constructive possession, custody or control so that your answers are:

   A.   Accurate;

   B.   Complete; and

   C.   Truthful.

3.   *"Document"* means any document as defined under Rule 1.350, Fla.R.Civ.P. under your actual or constructive possession, custody, or control which includes without limitation all "writings, [records], drawings, graphs, charts, photographs, [video tapes], phono-records and [all] other data compilations from which information can be obtained."

4.   *"Accident or incident"* means the accident(s) plead by plaintiff(s) under the complaint unless otherwise stated.

5.   If you object to the production of any document, please:

   A.   Identify each document by author, signatory, description (e.g., letter, memorandum, telex, recording, etc.), title, date, address (if any), general subject matter, and present custodian.

   B.   If your objection is based on privilege or relevancy under Rule 1.280(b)(1), please identify the grounds for each.[2]

---

[2]<u>See   Hartford Accident and Indemnity Co. vs. McGann</u>, 402 So.2d 1361, 1362 (Fla. 4DCA 1981) (the party objecting on grounds of privilege has the burden of showing that the documents objected to are, in fact, privileged); <u>Allstate Insurance co. vs. Walker</u>, 583 So.2d 356, 358 (Fla. 4DCA 1991) (when the work product or attorney/client privileges are asserted, the court must hold an <u>en camera</u> inspection of all documents and other discovery materials at

## REQUEST FOR PRODUCTION

1.  For each policy of insurance, whether primary, excess or pro
    rata, in effect at the time of the accident that may cover you
    for some or all of the damages plead by plaintiff(s) under the
    complaint, please produce:

    A.  Each dec sheet/page.
    B.  Each complete policy with all endorsements/amendments.

2.  All statements from:

    A.  Any plaintiff.
    B.  Any named defendant other than you.
    C.  Any eyewitness to our accident.
    D.  Anyone not covered above.

3.  Please produce all photographs, video tapes and/or movies
    which depict any of the following involved in our accident:

    A.  Any vehicle.
    B.  Any bicycle.
    C.  The accident scene.
    D.  Any party.

4.  As for any vehicle involved in our accident, please produce:

    A.  All repair bills.
    B.  All repair estimates.

5.  As for the vehicle being operated by you or with your
    permission, please produce the following which were in effect
    at the time of the accident:

    A.  Copy of the title.
    B.  Copy of the vehicle registration.
    C.  Copy of "both" sides of your driver's license.

6.  If the plaintiff has been under any surveillance, please
    produce the following:

    A.  All photographs, movies and/or video tapes.
    B.  All surveillance reports.
    C.  All surveillance contracts.
    D.  All invoices and charges for said surveillance.

7.  For each expert or skilled witness defined by Rule 1.390 that
    has been retained on your behalf, please produce:

    A.  All reports.
    B.  All statements\invoices for services rendered.

---

issue in order to rule on the applicability of the privilege).

8.  All documents that you, your attorney or agent produced to, or
    received from:

    A.  Any eyewitness to our accident.
    B.  Any expert retained on your behalf.

9.  Other than insurance policies, all agreements between you and
    anyone else which limit:

    A.  Your liability.
    B.  Anyone's liability.
    C.  Your obligation to pay any claimed damages.
    D.  Anyone's obligation to pay any claimed damages.

10. All letters from your liability carrier which pertain to any
    of the following:

    A.  Confirm coverage for this accident.
    B.  Reservation of rights.
    C.  Deny coverage in whole or in part.

11. If you were engaged in any mission or activity for any other
    person, entity or employer at the time of the accident, please
    produce the following:

    A.  All agreements which pertain to your mission or activity.
    B.  All employment agreements.
    C.  All documents that identify the nature or scope of your
        mission or activity.
    D.  All documents that identify your relationship with said
        person, entity or employer.

12. If there are any documents that support any of the affirmative
    defenses in your answer, please produce all such documents.

13. If you contend that any person or entity other than you is, or
    may be, liable in whole or in part for the claims asserted
    against you in this lawsuit, please produce all documents, if
    any, that support your contention.

14. If you were charged with any violation of law (including any
    regulations or ordinances) arising out of the accident, please
    produce the following:

    A.  All citations.
    B.  All written charges.
    C.  Your written response(s).
    D.  All documents or records identifying the final outcome.
    E.  Transcript of any hearing and resulting testimony.

15. If you have received any medical treatment, or consulted with
    any health care provider, at any time during the 3 year period
    before our accident up until today, please produce all medical
    records if they pertain to any of the following:

Case 9:97-cv-08225-DTKH   Document 1   Entered on FLSD Docket 04/01/1997   Page 30 of 37

  A. Eyes.
  B. Vision.
  C. Hearing.
  D. Any physical infirmity or disability.

16. As for the vehicle being operated by you or with your permission at the time of the accident, please produce all records over the 3 year period before our accident which pertain to any of the following:

  A. Maintenance.
  B. Repairs.
  C. Service.
  D. Mechanical work.
  E. Tires.
  F. Brakes.
  G. Lights.

17. If you have received any treatment, or consulted with any health care provider, regarding your eyes, vision, hearing or any type of physical infirmity or disability at any time over the 3 year period before our accident, please execute the attached medical authorization for release of medical information and return with your response.

1343\D-350.001

## AUTHORIZATION FOR RELEASE OF MEDICAL, PSYCHOLOGICAL, PSYCHIATRIC, EMPLOYMENT, SCHOOL AND ALL OTHER RECORDS AND FILES

TO WHOM IT MAY CONCERN:

1.  AUTHORIZATION FROM:  This authorization is by and from the following person:

    A.  **NAME: James F. Cleary**
    B.  **DATE OF BIRTH:  10-27-25**
    C.  **SOCIAL SECURITY NUMBER:** _____

2.  RECORDS, DOCUMENTS AND FILES:  This authorization pertains to the following:

    A.  **ALL MEDICAL RECORDS:** My complete medical file.  If more than one file, please produce all files.
    B.  **ALL EMPLOYMENT RECORDS:** My complete employment file.  If more than one file, please produce all files.
    C.  **ALL SCHOOL RECORDS:** My complete school file.  If more than one file, please produce all files.
    D.  **ALL PSYCHOLOGICAL/PSYCHIATRIC RECORDS:** My complete psychological/psychiatric file.  If more than one file, please produce all files.
    E.  **ALL OTHER RECORDS/FILES:** If not covered above, please produce all other records, files or other documents under your possession, custody or control.

    (HEREINAFTER A THROUGH E WILL BE COLLECTIVELY REFERRED TO AS "MY RECORDS AND FILES").

3.  AUTHORIZATION TO RELEASE MY RECORDS AND FILES:  The person or persons who have possession, custody or control over MY RECORDS AND FILES is hereby authorized to release copies of MY RECORDS AND FILES to the designated person or persons listed below.

4.  REQUEST:  Please furnish full and complete copies of MY RECORDS AND FILES to the following:

    **MICHAEL C. KNECHT & ASSOCIATES, P.A.**
    4440 PGA Boulevard, Suite 307
    Palm Beach Gardens, FL  33410
    (561) 625-4110-phone
    (561) 625-4115-fax

    or to any representative, attorney or employee from said law firm.  Your full and complete cooperation is requested and appreciated.  Please note that a photostatic copy of this authorization should likewise be honored.

    ALL PRIOR AUTHORIZATION(S) ARE HEREBY CANCELED.

BY:_____     DATE:_____

1343\AUTH-MED.001

CIRCUIT COURT - 15TH JUDICIAL CIRCUIT - PALM BEACH COUNTY, FLORIDA

CASE NO.

## CL 97001898

PETER G. GARRUTO

    Plaintiff,

vs.

JAMES F. CLEARY

    Defendant.

_____/

COPY
ORIGINAL RECEIVED FOR FILING

FEB 28 1997

DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION

### NOTICE OF SERVICE OF REQUESTS FOR ADMISSION [1]

PROPOUNDED TO:  Defendant
PROPOUNDED BY:  Plaintiff
NUMBER PROPOUNDED:  7
PURSUANT TO:  Rule 1.370, Fla.R.Civ.P.

CERTIFICATE OF SERVICE:  I certify that the Requests for Admissions
has been served with the complaint.

_____
Michael C. Knecht, Esquire
MICHAEL C. KNECHT & ASSOC., P.A.
4440 PGA Boulevard, Suite 307
Palm Beach Gardens, FL  33410
561-625-4110 Phone/561-625-4115-Fax
Florida Bar No. 473815
Attorney For:  Plaintiff

13434\D-370.001

_____

[1]Including general instructions.  Please provide us with your
response to said discovery within the time prescribed by said rule.

| GENERAL INSTRUCTIONS |
|---|
| Re:  Rule 1.370 Requests for Admission |

1.   Purpose Behind Discovery:

    A.   To avoid unnecessary discovery and litigation for all parties;

    B.   To assist us in evaluating your position on an informed basis;

    C.   To determine what, if any, additional discovery is necessary following receipt of the answers to the enclosed discovery.

2.   Informed Testimony:  Before answering this discovery, please review all documentation or information under your actual or constructive possession, custody or control so that your answers are:

    A.   Accurate;

    B.   Complete; and

    C.   Truthful.

3.   You must admit or deny the truth of any request for admission within the scope of Rule 1.280(b) that relates to:

    A.   statements or opinions of fact; or

    B.   of the application of law to fact; and

    C.   the genuineness of any document(s) described in the request.[2]

4.   If you object to any request for admission, state your grounds with enough specificity so that:

    A.   the undersigned and the court can evaluate your position on an informed basis.

    B.   a decision can be made whether to move the court to determine the sufficiency of the objection as required under the Florida Rules of Civil Procedure.

5.   If you can admit only a part of a request for admission, please:

    A.   specify so much of it as is true;

    B.   qualify the remainder; and/or

    C.   deny the remainder.

---

[2]If copies of the documents are not served with the requests for admission, please note the following:  if you claim these documents are not within your actual or constructive possession, custody or control, they are available for inspection and copying at the undersigned's office as required by Rule 1.370(a).

6.   If you are unable to admit or deny any request for admission,
     we request the following:

     A.   set forth in detail the reasons why you cannot truthfully
          admit or deny the matter; or
     B.   if you give lack of information or knowledge as your
          reason:

          (1)   Describe the "reasonable inquiry" made by you; and
          (2)   Identify the "information known or readily
                available by you" that you claim is "insufficient
                to enable [you] to admit or deny" the request for
                admission.

## PLAINTIFF'S REQUESTS FOR ADMISSION

1.  As for the vehicle ("vehicle") that Defendant James F. Cleary
    was in at the time of our accident on 12/29/96 ("accident"),
    he:

    A.   Was the sole owner of the vehicle.
    B.   Was operating the vehicle.

2.  On or about the time of the accident, Defendant James F.
    Cleary was driving the vehicle at or near the intersection of
    Royal Palm Way on Cocoanut Row in Palm Beach, Palm Beach
    County, Florida.

3.  At the time of the accident, the vehicle operated by Defendant
    James F. Cleary:

    A.   Came into physical contact with the bicycle being
         operated by Plaintiff Peter G. Garruto ("bicycle").

    B.   As a result, Plaintiff Peter G. Garruto was thrown from
         the bicycle and onto the ground.

4.  Defendant James F. Cleary negligently operated or maintained
    the vehicle so that it came into physical contact with the
    bicycle being operated by Plaintiff Peter G. Garruto on
    12/29/96.

5.  Plaintiff Peter G. Garruto was injured in the accident.

6.  Plaintiff Peter G. Garruto did not:

    A.   Cause this accident.
    B.   Contribute to this accident.

7.  Immediately after the accident, Defendant James F. Cleary:

    A.   Knew or should have known that the Plaintiff Peter G.
         Garruto was injured in this accident.

    B.   Left the scene of the accident without rendering any
         assistance or help to Plaintiff Peter G. Garruto.

1343\D-370.001

Tue Apr  1 09:55:05 1997

UNITED STATES DISTRICT COURT

MIAMI            , FL

Receipt No.    401 511214
Cashier        liz

Check Number:  63-607/670 #2191

DO Code    Div No
 4600        0
Sub  Acct  Type  Tender     Amount
1:086900   N      2             60.00
2:510000   N      2             90.00

Total Amount          $    150.00

ECKERT SEAMANS CHERIN & MELLOTT

97CV8225-HURLEY

Tue Apr  1 09:55:05 1997

Check No.   63-607/670 #2191
Amount$    150.00
Pay any Federal Reserve Bank or General
Depository for credit to United States
Treasury Symbol 4600

# CIVIL COVER SHEET

97-8225

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Peter G. Garruto

**DEFENDANTS**

James F. Cleary

NIGHT BOX
FILED
MAR 31 1997

CARLOS JUENKE
CLERK, USDC/SDFL/FTL

MAGISTRATE JUDGE
LYNCH

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Martin Co., Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A-WPB8805  HURLEY/LYNCH

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Krecht, Esq.
4440 PGA Boulevard Suite 307
Palm Beach Gardens, FL 33410   561/625-4110 (tel)

ATTORNEYS (IF KNOWN)
Henry Latimer & Ronald Gunzburger, Esq.
Eckert Seamans Cherin & Mellott
450 E. Las Olas Boulevard Suite 800   954/523-0400
Fort Lauderdale, FL 33301

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity Jurisdiction pursuant to 28 U.S.C. 1441.  Original jurisdiction pursuant to 28 U.S.C. 1332(a) and (c).  The cause arises from a bicycle accident (tort claim).

**IVa.** 2-3 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A   CONTACT | A   TORTS | B   FORFEITURE/PENALTY | A   BANKRUPTCY | A   OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A   PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | B   SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A   LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | A   CIVIL RIGHTS | B   PRISONER PETITIONS | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | A   FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Employee Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions * A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED
IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ undeterminate

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  3/31/97

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 51214
Date Paid: 04-01-97

Amount $150.00
M/fp: