UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV - HURLEY

CASE NO.: **97-8225**

PETER G. GARRUTO,

Plaintiff,

vs.

JAMES F. CLEARY,

Defendant.
_____/

MAGISTRATE JUDGE
LYNCH

**NIGHT BOX FILED**
MAR 31 1997
CARLOS JUENKE
CLERK, USDC / SDFL / FTL

### DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES

Defendant, JAMES F. CLEARY ("Cleary"), by and through his undersigned counsel, responds to the Plaintiff's Complaint as follows:

1. Upon information and belief, Cleary ADMITS this action purports to seek damages in excess of the jurisdiction limits of this Court as alleged in paragraph 1 of the Complaint.

2. Cleary DENIES the allegations of paragraph 2 and demands strict proof thereof.

3. Cleary ADMITS he owned and operated a motor vehicle in or about Palm Beach County, Florida, from time to time on or about December 29, 1996; but DENIES as relates to any alleged accident (incorporated by reference from paragraph 2(A) within the ambit of "at all times material hereto") and demands strict proof thereof.

4. Cleary DENIES the allegations of paragraph 4 and demands strict proof thereof.

5. Cleary DENIES the allegations of paragraph 5 and demands strict proof thereof.

6. Based upon the Plaintiff's use of the phrase "As a result of this accident" in paragraph 6, when viewed within the context of the Complaint, Cleary DENIES paragraph 6 and demands strict proof thereof.



7. Cleary DENIES the allegations of paragraph 7 and demands strict proof thereof.

8. Cleary is WITHOUT KNOWLEDGE as the allegations of paragraph 8, and accordingly demands strict proof thereof.

### FIRST AFFIRMATIVE DEFENSE

There are superseding intervening causes which relieve Cleary of any liability.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's negligence contributed, in whole or part, to cause the accident and any damages assessed against Cleary must be reduced by an amount equal to the comparative degree of negligence of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The negligence of third parties caused or contributed to cause the accident to such a degree or percentage that any damages must be reduced by an amount equal to the comparative degree of negligence of third parties.

### FOURTH AFFIRMATIVE DEFENSE

This accident falls within the provisions of the Florida Tort Reform Act and Florida No-Fault Law effective on the date of the accident and Cleary pleads all the defenses, exemptions and set-offs available to him under the provisions of those laws.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to wear or failed to properly wear or utilize readily available bicycle safety equipment, and therefore is comparatively negligent and any damages assessed against Cleary must be reduced by an amount equal to the comparative degree of negligence of Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands, in that Plaintiff's operation of the bicycle upon the roadways of Palm Beach County in a negligent manner proximately caused the injuries the Plaintiff may have incurred, or aggravated any injuries that the Plaintiff may have incurred, and therefore, Plaintiff is barred from seeking damages, or any damages should be reduced based upon such comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff operated a bicycle upon the roads of the State of Florida in a manner of such disrepair as to have proximately caused the injuries the Plaintiff may have incurred, or aggravated any injuries that the Plaintiff may have incurred, and therefore, Plaintiff is barred from seeking damages, or any damages should be reduced based upon such comparative negligence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff operated a bicycle upon the roads of the State of Florida in a manner so violative of the traffic and road safety laws as to have proximately caused the injuries the Plaintiff may have incurred, or aggravated any injuries that the Plaintiff may have incurred, and therefore, Plaintiff is barred from seeking damages, or any damages should be reduced based upon such comparative negligence.

### NINTH AFFIRMATIVE DEFENSE

The amount of damages assessed against Cleary, if any, must be reduced by the total amount of collateral sources of indemnity or benefits that are available to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Cleary was not involved in any road accident on or about December 29, 1996.

**RELIEF REQUESTED**

Defendant James F. Cleary requests this Court dismiss Plaintiff's complaint with prejudice, enter judgment in favor of Defendant James F. Cleary, award reasonable attorneys fees and costs, and order such further relief as is appropriate under the circumstances of this case.

**WE HEREBY CERTIFY** that we served a true and correct copy of the foregoing via U.S. Mail this 31st day of March, 1997 to: Michael C. Knecht, Esq., Attorney for Plaintiff, 4440 PGA Boulevard, Suite 307, Palm Beach Gardens, FL 33410.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT
Attorneys for Defendant, Greyhound Lines, Inc.
Las Olas Centre, Suite 800
450 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 523-0400

By: ______________________
Henry Latimer, Esq.
Florida Bar No. 163217
Ronald M. Gunzburger, Esq.
Florida Bar No. 745250