UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:  97-8225-CIV-HURLEY

PETER G. GARRUTO

    Plaintiff,

vs.

JAMES F. CLEARY

    Defendant.
_____/

**PLAINTIFF'S VERIFIED RESPONSE TO
DEFENDANT'S NOTICE OF REMOVAL**

1.   **ARGUMENT:** This court does not have subject matter jurisdiction under 28 U.S.C. §1332 and, therefore, defendant's notice of removal should be denied for the following reasons:

    A.   Both parties are residents of Florida. See <u>Plaintiff's Complaint</u> at 1 (Exhibit A, attachment 1 to defendant's notice of removal). In addition, attached hereto are the following plaintiff exhibits:

        1.   Copy of BellSouth White Pages, September 1996 Issue, page 82, for West Palm Beach, Florida, listing defendant's residence address as follows: **Cleary, James & Barbara, 369 S. Lake Dr. 33408 .......... 833-0605.**

            **Note:** This is the same address listed on the summons served on the defendant.

        2.   Copy of Update Florida Traffic Crash Report for subject 12/29/96 accident wherein:

            ● Page 1 states that defendant's "current address" is: **369 S. Lake Dr, Palm Beach, FL  33480.**

            ● Page 2 states "... owner of suspect vehicle lives at **369 S. Lake Dr. in Palm Beach, FL.**"

        3.   Copy of Crimes Management System Incident Report dated 1/9/97 lists defendant's address as: **369 S. Lake Dr., Palm Beach, FL  33480.**

    B.   The plaintiff's complaint does not allege that the amount in controversy exceeds the jurisdictional amount required under §1332.



2. **MEMORANDUM OF LAW:** As a condition precedent to this court having subject matter jurisdiction in this pending action, 28 U.S.C. §1332(a) requires that:

   A. The amount in controversy must exceed the sum or value of $50,000, exclusive of interest and costs; **and**

   B. The controversy must be between citizens of different states.

3. **RELIEF REQUESTED:**

   A. Defendant's notice of removal should be denied since this court lacks subject matter jurisdiction for reasons set forth above.

   B. That this court enter an order directing that this matter be removed back to the Circuit Court for the 15th Judicial Circuit for Palm Beach County, Florida.

CERTIFICATE OF SERVICE: I certify that this has been [√] mailed, [ ] faxed and/or [ ] hand delivered on 4/4/97 to: Henry Latimer, Esquire, ECKERT, SEAMANS, CHERIN & MELLOTT, (Attorneys for Defendant); Las Olas Centre, 8th Floor, 450 East Las Olas Boulevard, Fort Lauderdale, FL 33301; (954) 523-0400-Phone; (954) 523-7002-Fax.

_____
Michael C. Knecht, Esquire
MICHAEL C. KNECHT & ASSOC., P.A.
4440 PGA Boulevard, Suite 307
Palm Beach Gardens, FL 33410
561-625-4110-Phone/561-625-4115-Fax
Florida Bar No. 475815
Attorney For: Plaintiff

**VERIFICATION:** Upon information and belief, plaintiff's exhibits 1 through 3 which are attached hereto are true and correct copies to the best of my knowledge.

_____
Michael C. Knecht, Esq.

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 4th DAY OF April, 1997.

_Teresa D. Clayton_
SIGNATURE OF NOTARY PUBLIC
MY COMMISSION EXPIRES:

TERESA D CLAYTON
My Commission CC487297
Expires May. 24, 1999
Bonded by HAI
800-422-1555

PRINT, TYPE OR STAMP COMMISSIONED NAME
OF NOTARY PUBLIC
[√] PERSONALLY KNOWN
[ ] PROVIDED I.D.
TYPE OF I.D. PROVIDED: _____
1343\R-REMOVA.001

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE