UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

PETER G. GARRUTO,   CASE NO.: 97-8225-CIV-HURLEY
                    Magistrate Judge Lynch

      Plaintiff,

vs.

JAMES F. CLEARY,

      Defendant.
_____/

**DEFENDANT'S LEGAL MEMORANDUM IN RESPONSE TO
PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL**

Comes now Defendant, JAMES F. CLEARY ("Cleary"), by and through his undersigned counsel, and files this legal memorandum in response[1] to Plaintiff's Verified Response to Defendant's Notice of Removal ("Plaintiff's Response") pursuant to Local Rule 7.1,[2] requesting the Court deny Plaintiff the relief requested because:

1. Plaintiff's Response should be denied because (a) complete diversity exists between all parties, and (b) Plaintiff's Response advances knowingly false and materially misleading information regarding the diversity citizenship of parties;

2. Plaintiff's Complaint alleges damages in such a vague manner, under existing caselaw, as to permit removal because Court may reasonably find the amount in controversy exceeds the amount required under 28 U.S.C. §1332; and

---

[1] Clerk's Office records indicate Plaintiff filed Plaintiff's Response on April 7, 1997. Defendant first received a copy of the Plaintiff's Response on April 22, 1997.

[2] Although Plaintiff's Response is in the guise a "response," it appears improperly seek relief normally requested in a Motion to Remand.

3. Plaintiff's Response must be denied because a Motion to Remand is the only proper legal vehicle Plaintiff can use to challenge the Defendant's Notice of Removal ("Defendant's Notice") under 28 U.S.C. §1447. Plaintiff's Response, although seemingly seeking the same relief as a Motion to Remand, is <u>not</u> a proper Motion to Remand.

In further support thereof, Cleary states:

## MEMORANDUM OF LAW

### I. PLAINTIFF'S RESPONSE ADVANCES FALSE INFORMATION REGARDING THE PARTIES' DIVERSITY OF CITIZENSHIP

Complete diversity exists in this cause as to all parties. Unfortunately, Plaintiff's Response knowingly and misleadingly advances information on diversity citizenship known by Plaintiff's Counsel to be (a) false; or (b) material omissions advancing a false cause.

Valid removal under 28 U.S.C. §1332(a) requires that the controversy be between *citizens* of different states at time complaint was filed and at time complaint was removed. <u>Sullivan v. Mochen</u>, 646 F.Supp. 216 (S.D.Fla. 1986). Such diversity jurisdiction clearly exists herein because:

(A) At the time the cause of action arose: (1) Plaintiff was a citizen of Palm Beach County, Florida; and Cleary was a citizen of Boston, Suffolk County, Massachusetts;

(B) At the time Plaintiff filed his action in state court: (1) Plaintiff was a citizen of Palm Beach County, Florida; and Cleary was a citizen of Boston, Suffolk County, Massachusetts; and,

- Page 2 -

 (C) At the time Defendant removed this action to federal court: (1) Plaintiff was a citizen of Palm Beach County, Florida; and Cleary was a citizen of Boston, Suffolk County, Massachusetts.

Cleary incorporates herein by reference as exhibits as if attached hereto: Plaintiff's Complaint, Plaintiff's Response, and Defendant's Notice (and all exhibits attached thereto).

Cleary concedes he owns/rents vacation residences in various locations in the United States -- exclusive of his legal domicile in Boston, Massachusets -- including a location in Palm Beach, Florida. Cleary further concedes he maintains a telephone listing for his vacation home in Palm Beach, Florida. This information, along with the incorrect hearsay information contained in Plaintiff's Response exhibits 2 and 3,[3] fails to defeat removal. Residency is not determinative of citizenship. Harris v. Huffco Petroleum Corp., 633 F.Supp. 250 (S.D.Ala. 1986) ("domicile" is synonymous with "citizenship," not "residence").

Caselaw holds that, in determining a defendant's domicile and citizenship for purposes of diversity, a court should properly examine where the defendant owns a business, holds a driver's license, is registered to vote, owns property, and pays taxes. See Rayfield v. National Auction Group, Inc., 878 F.Supp. 203 (M.D.Ala. 1995). Applying Rayfield, Cleary was and is at all times material hereto a citizen of the state of Massachusetts. Cleary is a registered voter and licensed driver Massachusetts. Cleary claims Massachusetts, as his primary resident for all state and federal tax purposes. Cleary owns his principal and permanent place of residence (domicile) in Massachusetts. Cleary's vehicle -- the same vehicle Plaintiff alleges was involved in Plaintiff's

---

[3] While Plaintiff's Response Exhibit 3 alleges Cleary's maintains an address in Palm Beach, Florida, Exhibit 3 also incorrectly alleges Cleary's Social Security number is "000000000" and his height is "000 Ft./in."

accident -- is registered in Massachusetts.[4] Cleary maintains his business office in Massachusetts. Cleary was born in Massachusetts and -- excluding U.S. military combat service in the Pacific during World War II and 10+ years working in finance in New York City -- spent most of his adult life to the present day as a citizen of Massachusetts. Conversely, Cleary does not vote, hold a drivers license, register a vehicle, own a domicile, pay taxes nor maintain a business in Florida.

Cleary set forth the facts of his Massachusetts citizenship in the Defendant's Notice. Further, Palm Beach Police Department's reports and other written documents known to Plaintiff's Counsel orally referenced by Plaintiff's Counsel to Defense Counsel during a telephone conversation in March, 1997, contained Cleary's complete permanent street address in Massachusetts. Said police reports identify Palm Beach a Cleary's "*Local* Address" and Massachusetts as Cleary's "*Permanent* Address." Plaintiff's Counsel knew this information prior to filing the misleading information contained in Plaintiff's Response. This Court should further consider the tactics of Plaintiff's Counsel in (1) asserting information known to be false, or (2) advancing material omissions. Caselaw holds that a federal court should take plaintiff's "manipulative tactics" perpetuated to secure a state forum into account in considering a plaintiff's motion to remand. *See* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614 (1988).

**WHEREFORE,** Defendant James F. Cleary respectfully requests this Honorable Court deny Plaintiff the relief requested in Plaintiff's Verified Response, for the good cause set forth above as complete diversity exists between the parties.

## II. PLAINTIFF'S VAGUE PLEADING OF DAMAGES SATISFIES THE AMOUNT IN CONTROVERSY THRESHOLD OF 28 U.S.C. §1332(a)

---

[4] Plaintiff's Response, Exhibit 2, at page 2, states with regard to Cleary's vehicle: "The license plate is *Massachusetts* 4784." (Emphasis added.)

## THE PARTIES' DIVERSITY OF CITIZENSHIP

This court subscribes to the "liberal" view that the court may examine the record as a whole to determine the proprietary of removal; and is not limited to the face of the complaint. Essenson v. Cole, 848 F.Supp. 987, 989 (M.D.Fla. 1994); Wright v. Continental Casualty Co., 456 F.Supp. 1075 (M.D.Fla. 1978); Victor v. Firestone Tire and Rubber Co., 537 F.Supp 244 (S.D.Fla. 1982).

Plaintiff's Complaint contains allegations seeking damages for alleged permanent injuries claimed to have been suffered while involved in a collision with Plaintiff's vehicle. This is an effort to not plead the actual amount -- which is presumptively known to Plaintiff -- and hide behind vague jurisdictional allegations. Plaintiff attempts to escape federal jurisdiction by the wording of his Complaint and Plaintiff's Response -- without acknowledging the true amount in dispute.[5]

A true reading of the complaint evidences the actual damages sought are potentially in excess of $75,000. Allegations indicate damages more than those actually stated and are sufficient to establish the jurisdictional amount for purposes of a removal petition. Estevez-Gonzalez v. Kraft, 606 F.Supp. 127. (S.D.Fla. 1985) ("Where the complaint contains no specification of damages, as does the plaintiff's complaint in this action, the court will consider the allegations in the petition for removal.")

---

[5] Note the evasive wording in Plaintiff's Response at paragraph (1)(B). Plaintiff does not deny that the amount sought is less than the jurisdictional amount of this Court. Rather, Plaintiff coyly asserts the Complaint did "not *allege* ... the amount ... exceeds the jurisdictional amount ...." Plaintiff's statement is true, in that he never alleged *any* specific amount. However, in a March telephone conversation with Defendant's Counsel, Plaintiff's Counsel refused to specify Plaintiff's damages as either less than or more than $75,000.

This court previously held that "the mere fact that the plaintiff's complaint is silent and unclear as to some fact necessary to establish federal jurisdiction, such as amount in controversy, does not preclude removal of the case by the defendant." Woolard v. Heyer-Schulte, 791 F.Supp. 294 (S.D.Fla. 1992) quoting Wright v. Continental Casualty Co., 456 F.Supp. 1075, 1078 (M.D.Fla. 1978). Plaintiff alleges to have suffered severe unspecified bodily injuries. The complaint never states the specific damages sought -- only that Plaintiff alleges "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish...expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money ...." These allegations in Plaintiff's complaint sufficiently establish the jurisdictional amount for purposes of removal. Kelderman v. Remington Arms Co., 734 F.Supp. 1527 (S.D.Ia. 1990); Baker v. Firestone Tire and Rubber Co., Inc., 537 F.Supp. 244 (S.D.Fla. 1982); Richman v. Zimmer, 644 F.Supp. 540 (S.D.Fla. 1986) (plaintiff's failure to allege actual amount in controversy and instead only alleging state jurisdictional amount and type of damages sought, did not deprive defendant of notice that amount of damages claimed exceeded federal removal requirements, particularly given the defendant law firm's knowledge of settlements in prior cases involving similar cases and plaintiff's previous representations regarding damages, costs and attorney's fees).

In determining the amount in controversy for purposes of establishing removal jurisdiction in a case where plaintiffs do not pray for a specific amount, the court may look to the petition for removal or make an independent evaluation of the monetary value of the claim. Smith v. Executive Fund Life Ins. Co., 651 F.Supp. 269 (M.D.La. 1986); Craig v. Congress Sportswear, Inc., 645 F.Supp. 162 (D.Me. 1986); Baker, 537 F.Supp. at 246; Essenson v. Cole, 848 F.Supp. 987, 989 (M.D.Fla. 1994) ("Courts should not encourage plaintiffs to hold back their federal

cards"); <u>O'Connor v. Kawasaki Motors Corp</u>, 699 F.Supp. 1538 (S.D.Fla. 1988). The court, having reviewed the complaint and Defendant's Notice, properly exercised removal jurisdiction over this action. Plaintiff's Response presented no facts nor persuasive legal argument controverting Defendant's Notice relative to damages.

**WHEREFORE,** Defendant James F. Cleary respectfully requests this Honorable Court deny Plaintiff the relief requested in Plaintiff's Verified Response, for the good cause set forth above as the Court has adequate basis to find Defendant satisfied the amount in controversy requirement of 28 U.S.C. §1332(a).

### III. PLAINTIFF'S RESPONSE IS IMPROPER UNDER 28 U.S.C. §1447; ALTERNATIVELY, COURT SHOULD STRIKE PLAINTIFF'S RESPONSE

Plaintiff's Response should be denied because a Motion to Remand is the only proper legal challenge to the Defendant's Notice of Removal. 28 U.S.C. §1447. Plaintiff's Response, although seemingly seeking the same relief as a Motion to Remand, is <u>not</u> a Motion to Remand. Because a court order is not prerequisite to removal of case from state court, the propriety of removal can **only** be challenged by a party through a motion to remand filed pursuant to statute. <u>Hall v. Travelers Ins. Co.</u>, 691 F.Supp. 1406 (N.D.Ga. 1988). Plaintiff's Response is merely a self-help remedy not recognized under 28 U.S.C. §1447.

**WHEREFORE,** Defendant James F. Cleary respectfully requests this Honorable Court deny Plaintiff the relief requested in Plaintiff's Verified Response, for the good cause set forth above as the Court Plaintiff's remedy is unrecognized under federal law. Alternatively, Defendant requests this Court to strike Plaintiff's Response as improper.

**WE HEREBY CERTIFY** that we served a true and correct copy of the foregoing via facsimile transmission this 22nd day of April, 1997 to: Michael C. Knecht, Esq., Attorney for Plaintiff, 4440 PGA Boulevard, Suite 307, Palm Beach Gardens, FL 33410.

        Respectfully submitted,

        ECKERT SEAMANS CHERIN & MELLOTT
        Attorneys for Defendant James Cleary
        Las Olas Centre, Suite 800
        450 East Las Olas Boulevard
        Fort Lauderdale, FL 33301
        954/523-0400 - Fax: 954/523-7002

        By: _____
        Henry Latimer, Esq.
        Florida Bar No. 163217
        Ronald M. Gunzburger, Esq.
        Florida Bar No. 745250