UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PETER G. GARRUTO,

    Plaintiff,

vs.

    CASE NO.: 97-8225-CIV-HURLEY

JAMES F. CLEARY,

    Defendant.

## DEFENDANT'S NOTICE OF FILING AFFIDAVIT ON ISSUE OF REMAND

Pursuant to the Court Order of October 20, 1997, Defendant JAMES F. CLEARY, by and through his undersigned counsel, submits the attached affidavit supporting his contention that Plaintiff's potential damages exceed $75,000, exclusive of interest, costs and attorney's fees.

**I HEREBY CERTIFY** that I served a true and correct copy of the foregoing via U.S. Mail this 23rd day of October, 1997 to: Michael C. Knecht, Esq., Attorney for Plaintiff, 4440 PGA Boulevard, Suite 307, Palm Beach Gardens, FL 33410, and Peter Garruto, *pro se*,[1] 8085 S.E. Oleander, Hobe Sound, FL 33455.

    Respectfully submitted,

    ECKERT SEAMANS CHERIN & MELLOTT
    Attorneys for Defendant James Cleary
    450 East Las Olas Boulevard, Suite 800
    Fort Lauderdale, FL 33301
    Tel: 954/523-0400 - Fax: 954/523-7002

    By: _____
    Ronald M. Gunzburger, Esq.
    Florida Bar No. 745250

---

[1] Plaintiff Garruto previously notified Defendant that he discharged counsel and is proceeding *pro se*. Neither Plaintiff nor his counsel filed any paper reflecting this change.



## AFFIDAVIT

STATE OF FLORIDA      )
                      )ss:
COUNTY OF BROWARD     )

BEFORE ME, the undersigned authority, personally appeared RONALD M. GUNZBURGER, being first duly sworn before me, deposes and states as follows:

1. My name is Ronald M. Gunzburger, and I am an attorney duly licensed to practice law in the State of Florida. I am counsel of record for Defendant James Cleary.

2. Plaintiff Peter Garruto commenced an action against Defendant James Cleary in the 15th Judicial Circuit in and for Palm Beach County, Florida, styled <u>Peter G. Garruto v. James F. Cleary</u>.

3. Plaintiff's Complaint put Defendant Cleary on notice that the amount in controversy in this action, exclusive of interest and costs, exceeds the jurisdictional limits of the *Florida circuit courts* (i.e., over $15,000). I spoke by telephone with Plaintiff's counsel, Michael Knecht, Esq., on March 26, 1997 ("the conversation"). During the conversation, I informed Mr. Knecht that the Defendant was contemplating removing the Plaintiff's case to federal court if the case satisfied the $75,000 amount in controversy requirement. Accordingly, I asked Mr. Knecht to state whether the Plaintiff was seeking "more than or less than $75,000" in damages, exclusive of interest, costs and attorney's fees. Mr. Knecht stated he was unable to determine the total amount of Plaintiff's damages, and would not make any statement limiting Plaintiff from potentially seeking an amount at trial in excess of $75,000.

4. Plaintiff's complaint contains allegations seeking damages for alleged permanent injuries claimed to have been suffered while involved in a collision with a Cleary's vehicle. This

is an effort to not plead the actual amount which is already known to plaintiff and hide behind vague jurisdictional allegations. Plaintiff attempts to escape federal jurisdiction by the wording of his complaint and without acknowledging the true amount in dispute.

5. Plaintiff alleges to have suffered severe unspecified bodily injuries. The complaint never states the specific damages sought -- only that Plaintiff alleges "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish ... expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money ...." These vague allegations in Plaintiff's complaint sufficiently establish the jurisdictional amount for purposes of removal.

6. Defendant James Cleary would not oppose remand to state court if the Plaintiff filed the unconditional and binding supplemental affidavit limiting damages to less than $75,000, as suggested by the Court Order of October 20, 1997.

FURTHER AFFIANT SAYETH NAUGHT.

_____
RONALD M. GUNZBURGER

SWORN TO AND SUBSCRIBED before me in the State and County aforesaid this 23rd day of October, 1997, by Ronald M. Gunzburger, who is personally known to me.

_____
Notary Public
DONNA L. WARING
Print Name

Commission No:

Commission Expires:

Donna L. Waring
MY COMMISSION # CC564969 EXPIRES
September 19, 2000
BONDED THRU TROY FAIN INSURANCE, INC.

[SEAL]

39279.1