UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PETER G. GARRUTO,

    Plaintiff,

vs.

JAMES F. CLEARY,

    Defendant.

_____/

**CLOSED CASE**

CASE NO.: 97-8225-CIV-HURLEY

FILED by _____ D.C.
DEC 9 1997
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER REMANDING CASE TO STATE COURT & CLOSING CASE

**THIS CAUSE** is before the court upon the plaintiff's verified motion to remand and upon the defendant's affidavit in opposition. Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must come forth with specific factual allegations to prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Applying this principle to the case at bar, the court concludes that defendant has failed to meet his burden. Defendant simply points to the plaintiff's alleged injuries, as set forth in the complaint, and refers to a telephone call in which plaintiff's counsel stated that "he was unable to determine the total amount of plaintiff's damages." In the court's view, these facts do not establish that it is more likely than not that plaintiff's damages exceed $75,000. Accordingly, it is,

**ORDERED and ADJUDGED** that

1. Plaintiff's motion for remand is **GRANTED.**

2. This case is **REMANDED** to the Circuit Court for the Fifteenth Judicial Circuit of Florida.

3. The clerk of this court shall **CLOSE** the federal file.

**DONE and SIGNED** in Chambers at West Palm Beach, Florida, this 6th day of December, 1997.

Daniel T. K. Hurley
U. S. District Judge

Copies provided to the parties.